**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| DARIES SHERRILLS, | ) | CASE NO: 1:17-CV-0030 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| NANCY BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | (Doc. Nos 8, 11, 15.) |
| | ) | |

This case is before the undersigned United States Magistrate Judge pursuant to a referral under Local Rule 72.2 for a Report & Recommendation. Currently pending are Plaintiff Daries Sherrills' (1) Motion for Default Judgment (Doc. No. 8); (2) Motion for Hearing on Default Judgment (Doc. No. 11); and (3) Motion to Strike Defendant's Answer (Doc. No. 15.)  For the following reasons, it is recommended that Plaintiff's Motions be DENIED.

**I.** **Procedural Background**

Plaintiff Daries Sherrills, proceeding *pro se*, filed a Complaint in this Court on January 5, 2017, which appears to challenge the decision of Defendant, Nancy Berryhill, Acting Commissioner of Social Security ("Commissioner"), denying his application for child's insurance benefits under the Social Security Act. (Doc. No. 1.)

Plaintiff paid the $400 filing fee, making him responsible for service of Complaint. The docket reflects service was executed on the United States Attorney's Office for the Northern District of Ohio on January 10, 2017; on the United States Attorney General on January 10,

2017; and on the Commissioner of Social Security on January 12, 2017.[1]  (Doc. Nos. 6, 7.)

On January 12, 2017, the Court issued an Initial Briefing Order directing (among other things) that (1) Defendant's Answer and Transcript shall be filed within sixty days of service of the Complaint; (2) Plaintiff's Brief on the Merits shall be filed within sixty days of the filing of the Answer and Transcript; and (3) Defendant's Brief shall be filed within forty five days of the filing of Plaintiff's Brief.  (Doc. No. 4.)

On March 13, 2017, Plaintiff filed a Motion for Default Judgment, arguing the Commissioner failed to timely respond to the Complaint.  (Doc. No. 8.)  On that same date, the Commissioner filed a Motion for Extension of Time to file the Answer and Transcript.  (Doc. No. 9.)  Therein, the Commissioner asserted the Answer/Transcript was due on March 13, 2017 (the date of the Motion), and sought a 14 day extension because of a delay in the preparation of the Transcript.  (*Id*.)  The Commissioner's Motion for an Extension of Time to File the Answer and Transcript was granted.

On March 20, 2017, the Commissioner filed a brief in opposition to Plaintiff's Motion for Default Judgment.  (Doc. No. 10.)  Shortly thereafter, Plaintiff filed a "Request for Hearing on Default Judgment [and] Reply to Defendant's Opposition to Plaintiff's Motion for Default Judgment."  (Doc. No. 11.)

On March 27, 2017, the Commissioner sought an extension of time until March 29, 2017

---

[1]In order to properly perfect service when suing an agency or officer of the United States in its official capacity, a plaintiff must deliver a copy of the complaint and the summons to: (1) the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk; (2) the Attorney General of the United States at Washington D.C.; and (3) the agency, corporation, officer, or employee.  Fed. R. Civ. P. 4(i).

to file her Answer and Transcript. (Doc. No. 12.) The Commissioner's motion was granted, and the Answer and Transcript were thereafter filed on March 28, 2017. (Doc. Nos. 13, 14.)

On April 3, 2017, Sherrills filed a "Motion to Strike Defendant's Answer Pursuant to Civ. R. 12(f)." (Doc. No. 15.)

**II.   Analysis**

**A.   Motion for Default Judgment (Doc. No. 8) and Motion for Hearing on Default Judgment (Doc. No. 11)**

Plaintiff argues he is entitled to default judgment in his favor under Fed. R. Civ. P. 55 on the grounds the Commissioner failed to timely answer the Complaint. (Doc. No. 8.) The Commissioner asserts she is not in default because she timely filed her Answer and Transcript under this Court's Scheduling Order. (Doc. No. 10.)

Fed. R. Civ. P. 55 provides as follows:

> **(a) Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment**.
>
> **(1) By the Clerk**. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2) By the Court**. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

3

    (A) conduct an accounting;

    (B) determine the amount of damages;

    (C) establish the truth of any allegation by evidence; or

    (D) investigate any other matter.

**(c) Setting Aside a Default or a Default Judgment**. The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

**(d) Judgment Against the United States**. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

Fed. R. Civ. P. 55.

Under this Rule, default is a two-step process with entry of default as the first procedural step, after defendants have been properly served but failed to plead or otherwise defend. *See O.J. Distributing, Inc. v. Hornell Brewing Co., Inc*., 340 F.3d 345, 352 (6th Cir. 2003); *Shepard Claims Serv., Inc. v. William Darrah & Assoc*., 796 F.2d 190, 193 (6th Cir. 1986). *See also Longnecker v. Comm'r of Soc. Sec.*, 2015 WL 6957489 at * 1 (E.D. Mich. Aug. 28, 2015); *Outreach v. Vilsack*, 2014 WL 12586317 at * 1 (S.D. Ohio Dec. 9, 2014); *Veasley v. Family Dollar*, 2012 WL 629953 at * 1 (N.D. Ohio Feb. 27, 2012). While the entry of default is a procedural formality, courts have held it is nevertheless a prerequisite to the issuance of a default judgment. *See Heard v. Caruso*, 351 Fed.Appx. 1, 15–16 (6th Cir.2009) (holding that because Plaintiff "did not first seek entry of a default from the clerk of the court, it was procedurally improper for [Plaintiff] to move for entry of a default judgment"); *Shepard Claims Serv*., 796 F.2d at 193 ( "entry of default is just the first procedural step on the road to obtaining a default

4

judgment"); *Stitts v. Staples*, 1998 WL 466569 at *2 (6th Cir. 1998) (affirming denial of "motion for default judgment as premature because [plaintiff] had neglected to apply to the court clerk for entry of a default, as required by Fed. R. Civ. P. 55(a)"); *Baechel v. Republic Storage Systems*, LLC, 2016 WL 7115947 at * 2 (N.D. Ohio Dec. 7, 2016) ("It is well settled that an entry of default is a prerequisite to entry of a default judgment under Rule 55(b)"); *Ramada Franchise Sys., Inc.*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)").

After the clerk has entered a default, the second step provides that default judgment "may be entered" by either the Clerk or the Court, depending on the circumstances as outlined in Fed. R. Civ. P. 55(b). Even where a defendant is technically in default, the plaintiff is not entitled to a default judgment as a matter of right. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, such a determination is within the court's discretion. *See Veasley*, 2012 WL 629953 at * 1 (citing *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995)); *AF Holdings LLC v. Bossard*, 976 F.Supp.2d 927, 929 (W.D. Mich. 2013). *See also* 10A Charles A. Wright et al., Federal Practice and Procedure § 2685 (3d ed. 1998) ("This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a).").

Plaintiff's motion for default judgment is both procedurally and substantively improperly. First, Plaintiff failed to apply to the Clerk of Courts for entry of default, as required by Rule 55(a) and the legal authority noted above. *See e.g., Baechel,* 2016 WL 7115947 at * 2 (N.D. Ohio Dec. 7, 2016). Without the entry of a default by the Clerk, this Court cannot enter a default

5

judgment under Rule 55.[2] *See Baechel*, 2016 WL 7115947 at * 2; *Outreach*, 2014 WL 12586317 at * 1. Thus, denial of Plaintiff's motion would be proper on this basis alone.

Second, even if the Court were to consider the merits of Plaintiff's motion, Plaintiff has not shown that default judgment would be proper in this case. As noted above, Defendant was required to file her Answer and Transcript "within sixty (60) days of service of the Complaint." *See* Doc. No. 4; Local Rule 16.3.1(c). The record reflects the U.S. Attorney's Office for the Northern District of Ohio was served with Plaintiff's Complaint on January 10, 2017. (Doc. No. 6 at 1.) Sixty days from that date is Saturday, March 11, 2017. Because the answer date fell on a weekend, the Commissioner was required to file her Answer and Transcript on the following Monday, March 13, 2017. *See* Fed. R. Civ. P. 6(a)(1)(C). On that date, the Commissioner filed a motion for a 14 day extension of time to file her Answer and Transcript, which was granted. (Doc. No. 9; Non-document Order dated March 14, 2017). After receiving an additional two day extension, the Commissioner timely filed her Answer and Transcript on March 28, 2017. (Doc. Nos. 13, 14.) Thus, the Commissioner timely filed her Answer and is not in default.

Finally, Plaintiff has not satisfied the standard for default judgment against the United States. Pursuant to Rule 55(d), "[a] default judgment may be entered against the United States, its officers, or its agencies **only if the claimant establishes a claim or right to relief by evidence that satisfies this Court.**" Fed. R. Civ. P. 55(d) (emphasis added). "Entry of default

---

[2] Moreover, it is too late for Plaintiff to seek such an entry at this time. "Rule 55(a) clearly provides that a default may only be entered if the defendant has failed to answer or otherwise defend." *Mosely v. Faurecia Auto. Seating, Inc*., 2008 WL 1925051, at *4 (E.D. Mich. May. 1, 2008) (clerk erred in entering a default under Rule 55(a) where the defendant had already filed an answer). As the Commissioner filed her Answer and Transcript on March 28, 2017, Plaintiff is prevented from seeking an entry of default in the future. *See Baechel*, 2016 WL 7115947 at * 2.

6

against the federal government and its officers is particularly disfavored, and it may only occur if the plaintiff substantiates his claim for relief with acceptable evidence." *Spotts v. Hock*, 2011 WL 5024437, at *1 (E .D.Ky. Oct. 19, 2011). *See Bohmier v. United States*, 2015 WL 4756546 at * 1 (E.D. Ky. Aug. 10, 2015); *White v. Stephens,* 2014 WL 727000 at * 2 (W.D. Tenn. Jan. 14, 2014). *See also George v. Internal Revenue Serv.*, 344 Fed. Appx. 309, 311 (9th Cir.2009) ("The district court properly denied George's request for entry of default judgment against the federal defendants because the mere failure to answer a complaint within the statutory deadline is not a sufficient ground for entry of default judgment against the government."); *United States v. McCloud*, 2008 WL 4277302, at *11 (E.D. Mich. Sept. 17, 2008) (denying motion for default judgment on defendant's counterclaim against the United States because movant had not pointed to evidence to show his claim had merit as required by Rule 55(d)). Here, Plaintiff has not substantiated his "claim or right to relief" on the merits by evidence satisfactory to this Court. The Court also finds Plaintiff is not entitled to a hearing on his motion and, further, that a hearing would be neither helpful or necessary under the circumstances.

Accordingly, for all the reasons set forth above, it is recommended Plaintiff's Motion for Default Judgment (Doc. No. 8) and Motion for Hearing on Default Judgment (Doc. No. 11) be DENIED.

### B. Motion to Strike Answer (Doc. No. 15.)

Plaintiff argues the Commissioner's Answer should be stricken because (1) it was not timely filed; and (2) "the contents of the pleading is addressed to a Plaintiff Pamela Hess" and therefore he "can not answer this pleading because it's contents are not relevant to Plaintiff Daries Sherrill's case." (Doc. No. 15.)

7

It is recommended that Plaintiff's motion to strike be denied. As discussed above, the Commissioner's Answer is not untimely. Furthermore, although the Answer mistakenly contains a reference to "Plaintiff Pamela Hess," the case caption correctly references Daries Sherrill v. Commissioner, Case No. 1:17CV30. There is no indication that the reference to "Pamela Hess" is anything other than a typographical error. Striking of the Commissioner's Answer is not warranted.

Accordingly, it is recommended Plaintiff's Motion to Strike (Doc. No. 15) be DENIED.

### III. Conclusion

For all the reasons set forth above, it is recommended that Plaintiff Daries Sherrills' (1) Motion for Default Judgment (Doc. No. 8); (2) Motion for Hearing on Default Judgment (Doc. No. 11); and (3) Motion to Strike Defendant's Answer (Doc. No. 15) be DENIED.


Date: April 4, 2017                                s/ *Jonathan D. Greenberg*
                                                   Jonathan D. Greenberg
                                                   U.S. Magistrate Judge


### OBJECTIONS
**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981);** *Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**