**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DARIES YUKON SHERRILLS, | ) | CASE NO. 1:17CV00030 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | **REPORT AND** |
| Defendant. | ) | **RECOMMENDATION** |

Plaintiff *pro se*, Daries Y. Sherrills ("Plaintiff"), challenges the final decision of Defendant, Nancy A. Berryhill,[1] Acting Commissioner of Social Security ("Commissioner"), denying his application for child's insurance benefits. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for preparation of a Report and Recommendation. For the reasons set forth below, it is recommended that the Commissioner's final decision be AFFIRMED.

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security.

1

## I. PROCEDURAL HISTORY

In April 2014, Plaintiff filed an application for child's insurance benefits, alleging a disability onset date of January 1, 1975. (Transcript ("Tr.") 58, 161-162). The application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing before an administrative law judge ("ALJ"). (Tr. 118-120, 123-125, 126-127).

In November 2015, an ALJ held a hearing, during which Plaintiff, represented by counsel, and a vocational expert ("VE"), testified. (Tr. 68-102). In February 2016, the ALJ determined that Plaintiff was not entitled to child's insurance benefits as he was not disabled prior to April 9, 1979 (the date he turned 22 years old). (Tr. 58-61). In November 2016, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5).

On January 5, 2017, Plaintiff filed his Complaint in this Court challenging the Commissioner's final decision.[2] (Doc. No. 1). The parties have completed merits briefing in this case. (Doc. Nos. 18, 21, 22). In addition, Plaintiff has filed three motions. First, on July 6, 2017, Plaintiff filed a motion "for leave to enclude [sic] letter to U.S. Attorney seeking full scale investigation." (Doc. No. 23). On August 3, 2017, Plaintiff filed an "Informal Request for Full

---

[2] In January 1998, after having determined that Plaintiff Daries Sherrills had engaged in a pattern of frivolous and vexatious filing which appeared calculated to harass the Court and abuse the judicial process, Chief Judge George W. White issued an order permanently enjoining Plaintiff from filing *any* further documents in this Court without first obtaining leave. *See Sherrills v. Ghee*, 1:97cv2928 (N.D. Ohio 1998). In the present case, Plaintiff did not seek leave to file his complaint in accordance with Judge White's order. As such, the district judge assigned to this case possesses the authority to strike Plaintiff's filings and dismiss this matter in its entirety. However, because Defendant Commissioner has already expended resources litigating this matter, the resolution of which is relatively straightforward, the undersigned recommends that this matter be decided on its merits.

Scale Investigation in the Interest of Justice." (Doc. No. 24). And, on October 12, 2017, Plaintiff filed an "Informal request for Full Scale Investigation and informal discovery by Justin Herdman United States Atrtorney General [sic] for Northern district of Ohio Region." (Doc. No. 25).

## II. EVIDENCE

### A. Personal and Vocational Evidence

Plaintiff was born on April 9, 1957. He turned 18 years old on April 9, 1975 and 22 years old on April 9, 1979. (Tr. 104). Plaintiff has no past relevant work. (Tr. 98).

### B. Medical Evidence

Although the administrative record in this matter is quite lengthy (over 4000 pages), Plaintiff's brief focuses on a relatively small number of medical records, which are described as follows. On May 12, 1979, Plaintiff presented with complaints of difficult urination, lower back pain, abdominal pain, shooting pain in the legs, dizziness, episodes of nausea, cold sweats, and vomiting.[3] (Tr. 449). Symptoms reportedly began when Plaintiff went to prison for the first time three years earlier. (Tr. 449). On June 1, 1979, Plaintiff was seen by a gastroenterology specialist, who noted that Plaintiff's abdominal and rectal exams were benign. (Tr. 452). The doctor assessed Plaintiff with anxiety and muscle strain. (Tr. 452). An x-ray of the lumbosacral spine dated May 24, 1979 shows no abnormality in the vertebral bodies, neural arches, or disc spaces. (Tr. 2185). An x-ray of the lumbosacral and dorsal spines from about a decade later was also normal. (Tr. 38). That radiological report indicates that Plaintiff reported experiencing

---

[3] While the Court is able to decipher portions of the photocopied, handwritten records from the 1970s, they are, in many instances, illegible.

3

mid-low back pain after injuring his back in 1975. (Tr. 38). A treatment note from August 24, 1981 reveals complaints of pain in the tail bone and back and numbness in the legs. (Tr. 2203).

Plaintiff also directs the Court's attention to a number of more recent documents from the years 2013, 2014, and 2015.[4] In particular, Plaintiff highlights a treatment note from August 1, 2013, in which he reported multiple work-related lower back injuries since 1975. (Tr. 1979). Another treatment note from July 2014 reveals that

> He suffered a car accident when he was 17 and has had low back pain and sciatic discomfort ever since. According to the patient, his pain this evening is identical to his normal character and quality with radiation down the back of the legs bilaterally and some numbness in his big toe on his right foot. The patient states that he was placed in traction and physical therapy last week and he says that he has had progressive pain since then. The patient was in the area when his brother dropped him off this evening because the pain was becoming unbearable. The patient is able to ambulate without difficulty though he states that there is some worse pain. He has had no trauma to the area recently.

(Tr. 2147).

### III.   STANDARD FOR DISABILITY

The Social Security Act mandates the satisfaction of three basic criteria to qualify a child for surviving child's insurance benefits of an insured, namely, the child must: (1) have filed an application for such benefits; (2) have been unmarried at the time of the filing and must have been either: (i) under eighteen years of age or a fulltime elementary or secondary school student under nineteen, or (ii) under a disability which began before age 22; and (3) have been

---

[4] These include a Medical Appointment Notice with Opportunities for Ohioans with Disabilities (Tr. 1994); medical records from the Ohio Department of Rehabilitation and Correction (Tr. 455-1365); a number of treatment notes from MetroHealth Medical Center (Tr. 1365-1519, 1545-1548, 1549-1872, 1873-1882, 1883-1975); records relating to a visit with Sheerli Ratner, Ph.D. (Tr. 1997) and another with a Dr. Saleemi (Tr. 2016).

dependent upon the deceased parent at the time of the parent's death. 42 U.S.C. § 402(d)(1). In the present case, the only issue raised by the parties relates to whether Plaintiff was "under a disability which began before age 22."

A determination as to whether a claimant was under a disability is reached by way of a five-stage process. 20 C.F.R. §§ 404.1520(a)(4) *and* 416.920(a)(4); *See also Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must demonstrate that he is not currently engaged in "substantial gainful activity" at the time of the disability application. 20 C.F.R. §§ 404.1520(b) *and* 416.920(b). Second, the claimant must show that he suffers from a "severe impairment" in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) *and* 416.920(c). A "severe impairment" is one that "significantly limits . . . physical or mental ability to do basic work activities." *Abbott*, 905 F.2d at 923. Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets or medically equals a required listing under 20 CFR Part 404, Subpart P, Appendix 1, the claimant is presumed to be disabled regardless of age, education or work experience. *See* 20 C.F.R. §§ 404.1520(d) *and* 416.920(d). Fourth, if the claimant's impairment or combination of impairments does not prevent him from doing his past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) *and* 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c), *and* 416.920(g).

### IV. SUMMARY OF COMMISSIONER'S DECISION

The ALJ made the following findings of fact and conclusions of law:

1. Born on April 9, 1957, the claimant had not attained age 22 as of January 1, 1975, the alleged onset date (20 CFR 404.102 and 404.350(a)(5)).

2. The claimant has not engaged in substantial gainful activity since January 1, 1975, the alleged onset date (20 CFR 404.1571 et seq.).

3. Prior to the date the claimant attained age 22, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (20 CFR 404.1520(c)).

4. The claimant has not been under a disability, as defined in the Social Security Act, at any time prior to April 8, 1979, the date he attained age 22 (20 CFR 404.350(a)(5) and 404.1520(c)).

(Tr. 60-61).

### V. STANDARD OF REVIEW

"The Social Security Act authorizes narrow judicial review of the final decision of the Social Security Administration (SSA)." *Reynolds v. Comm'r of Soc. Sec.*, 2011 WL 1228165 at * 2 (6th Cir. April 1, 2011). Specifically, this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. *See Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence has been defined as "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In determining whether an ALJ's findings are supported by substantial evidence, the Court does not review the evidence *de novo*, make

credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

Review of the Commissioner's decision must be based on the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). The findings of the Commissioner are not subject to reversal, however, merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.") This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See, e.g.,White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.").

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater,* 78 F.3d 305, 307 (7th Cir.1996); accord *Shrader v. Astrue*, 2012 WL 5383120 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked."); *McHugh v. Astrue*, 2011 WL 6130824 (S.D. Ohio Nov. 15, 2011); *Gilliam v. Astrue*, 2010 WL 2837260 (E.D. Tenn. July 19, 2010); *Hook v. Astrue*, 2010 WL 2929562 (N.D. Ohio July 9, 2010).

## VI. ANALYSIS

Plaintiff is proceeding *pro se* in this matter. As such, this Court liberally construes his filings and arguments in his favor. *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir.1985) (stating that *pro se* pleadings "are entitled to a liberal construction" and that "appropriate liberal construction requires active interpretation in some cases to construe a *pro se* petition 'to encompass any allegation stating federal relief.'") (citations omitted). However, there is a limit to the depth of interpretation in which a court will engage, as "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir. 2001); *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits.").

With these principles in mind, the Court considers Plaintiff's challenge the ALJ's decision to deny benefits at Step Two of the sequential evaluation.[5] At Step Two, an ALJ must decide whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. § 404.1520(c). If an impairment has "more than a minimal effect" on the claimant's ability to do basic work activities, the ALJ must treat it as "severe." SSR 96–3p, 1996 WL 374181 at *1 (July 2, 1996). Here, the ALJ concluded that Plaintiff failed to establish the existence of such an impairment, reasoning as follows:

> This is a Child's Death Benefits claim in which the window for finding disability is from April 9, 1975 to April 9, 1979 (when the claimant was between 18 and 22). The administrative record currently reflects no clinical evidence corresponding with this date range. I note the inclusion of several records from May and June 1979 for treatment of a urinary tract infection, general anxiety and low back pain (Bl F/5-9). There is also a normal x-ray of the lumbar spine from May 1979 (B22F/ 18). However, this evidence is insufficient to establish any medically determinable impairment during the relevant period.
>
> I note for the record that the claimant has gone to great lengths to develop the administrative record. In particular, Mr. Sherrills attempted to obtain treatment records from the Ohio Department of Rehabilitation and Corrections where he was incarcerated. However, Mr. Sherrills has been unable to gather and submit any additional evidence for the claim period in part due to that facility's document retention policy. (B24E p.4).
>
> Notwithstanding the claimant's compelling hearing testimony and his efforts to strengthen his case, I must issue a decision based on the evidence available to me. As

---

[5] Plaintiff's brief on the merits, liberally construed, presents a challenge the ALJ's Step Two determination. However, because substantial portions of his brief are composed of arguments and case law completely irrelevant to this social security appeal, deriving a coherent argument from Plaintiff's briefing was at times difficult. For instance, Plaintiff dedicates several pages to a description of the procedural history of an earlier criminal matter, and he appears to challenge the basis for his state court conviction. Having reviewed Plaintiff's brief in its entirety, the Court declines to consider those portions of the briefing that bear no reasonable relationship to the issue to be decided here.

> explained above, there is currently no medical documentation of impairment between April 1975 and April 1979; specifically there are no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. Accordingly , I am compelled to deny the claimant's disability claim.

(Tr. 61).

Upon due consideration, the Court concludes that the ALJ's decision to deny benefits at Step Two is supported by substantial evidence. As pointed out by the Commissioner, despite the length of the administrative record, there is no medical or opinion evidence relating to the relevant period in this case, and Plaintiff's brief on the merits fails to identify any such relevant evidence. Although Plaintiff references evidence which post-dates the relevant period, the Sixth Circuit has explained that "evidence of disability obtained after the expiration of insured status is generally of little probative value." *Strong v. Soc. Sec. Admin.*, 88 Fed. Appx. 841, 845 (6th Cir.2004) (citation omitted). To be relevant to the disability decision, "[p]ost-expiration evidence must relate back to the claimant's condition prior to the expiration of her date last insured." *Wirth v. Comm'r of Soc. Sec.*, 87 Fed.Appx. 478, 480 (6th Cir.2003); *King v. Berryhill*, 2017 WL 1907265 at * 15 (N.D. Ohio March 23, 2017); *Kingery v. Comm'r of Soc. Sec.*, 142 F.Supp.3d 598, 602 (S.D. Ohio 2015).

Here, Plaintiff refers to a treatment note dated May 12, 1979 describing his complaints of difficult urination and back and abdomen pain. (Tr. 454). He argues that "it is highly unlikely that the plaintiff would have been explaining to the doctor that this symptom had been going on for three years prior unless plaintiff had been suffering." (Doc No. 18 at 7). The Court concludes that the ALJ did not err. The record contains no clinical, diagnostic, opinion, or any other evidence that would establish that these symptoms related back to a medically determinable impairment that existed during the relevant period and that had more than a

10

minimal effect on Plaintiff's ability to engage in work activities.  Additionally, the evidence dating from May and June 1979 fails to establish that Plaintiff had even received a clear diagnosis relating to his subjective complaints.  In the absence of such evidence, the ALJ reasonably concluded that Plaintiff did not meet his Step Two burden.

The Court further concludes that the ALJ did not err by failing to explicitly address Plaintiff's more recent medical records from 2013, 2014, and 2015.  It is not evident, and Plaintiff fails to establish, that these records, which post-date the relevant time period by over thirty years, have any evidentiary bearing on the state of Plaintiff's condition from 1975 to 1979.  It is Plaintiff's burden to establish the existence of a medically determinable impairment.  *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).  This Court, having liberally considered Plaintiff's various arguments, concludes that substantial evidence supports the ALJ's decision to deny benefits at Step Two of the sequential evaluation.

Finally, this Court recommends that Plaintiff's three motions be denied.  The first motion seeks an order from this Court directing a "full scale investigation of Six Social Security employees['] failure to submit medical records."  (Doc. No. 23).  The second and third motions seek a "full scale investigation of [Plaintiff's] criminal prosecution in Cuyahoga County by the Prosecutor's Office."  (Doc. No. 24, 25).  Plaintiff cites no credible factual or legal basis for these requests, and the Court concludes that it has no authority to issue such orders in the context of this social security appeal.  Plaintiff's motions should accordingly be denied.

## VII. CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends that the Commissioner's final decision be AFFIRMED.  Plaintiff's motions (Doc. Nos. 23, 24, 25) should be denied.

        *s/Jonathan D. Greenberg*
        Jonathan D. Greenberg
        United States Magistrate Judge

Date: October 26, 2017

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**